UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY D. SOBIN, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:09-CV-173 WL |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

OPINION AND ORDER

Gregory Sobin, a *pro se* prisoner, filed this habeas corpus petition challenging a prison disciplinary conviction. (DE 1.) In January 2009, in WCU 09-01-0365, a hearing officer at Westville Correctional Facility found Sobin guilty of violating A100, which prohibits inmates from violating state statutes, here the Indiana statute prohibiting "deception."[1] (DE 41-8.) The Respondent concedes that there were due process errors committed at the disciplinary hearing. (DE 41-1 at 14-15; *see also* DE 31 at 2.) Nevertheless, he argues that the court cannot grant habeas relief because the disciplinary conviction at issue did not lengthen Sobin's sentence. (DE 41-1 at 4-8.) Sobin disagrees. (DE 48 at 3-7.) Because the Respondent acknowledges that the disciplinary conviction cannot withstand judicial review, the sole issue for this court is whether Sobin was entitled to due process protections at the hearing.

---

[1] Sobin was accused of "using the US mail system to file false claims of purchases with outside companies and then requesting refunds for these purchases." (DE 41-2 at 1.) Under Indiana's deception statute, it is unlawful to make a "false or misleading written statement with the intent to obtain property . . . ." IND. CODE § 35-43-5-3. The hearing officer imposed a sanction of lost commissary privileges, disciplinary segregation, and 180 days lost earned credit time, with the earned credit time sanction suspended contingent on Sobin remaining clear of further disciplinary charges for a period of six months. (DE 41-1 at 8.) That sanction has never been imposed. (DE 19 at 2.)

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND XIV. To trigger federal due process protections, there must be a protected liberty or property interest at stake. *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In the prison disciplinary context, an inmate has a liberty interest and is entitled to due process protections when the state's action "will inevitably affect the duration of his sentence." *Sandin v. Connor*, 515 U.S. 472, 487 (1995). Thus, an Indiana inmate is entitled to due process protections when a disciplinary body revokes earned time credits or demotes him to a lower credit-earning class, since such action will inevitably lengthen his sentence. *Piggie v. McBride*, 277 F.3d 922, 923 (7th Cir. 2002).

Those are the clear-cut cases that trigger a liberty interest, but there are other situations where a liberty interest will be found. "Although the Constitution guarantees no right to credit time for good behavior or educational programs, the State may create such a liberty interest" through its own policies. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). In order for there to be a liberty interest created in such a situation, the state's action must inevitably affect the duration of the sentence; it cannot be a mere possibility that it would do so. *Id.* at 571-72; *see also Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1995) (inmate did not have a liberty interest in the right to participate in educational programs that might allow him to earn additional credits, since it was not inevitable that he would successfully complete the program and earn the credits even if given the opportunity).

The question in this case is whether the disciplinary conviction at issue had sufficiently tangible consequences so as to have "inevitably" lengthened Sobin's sentence. The Respondent asserts that it did not, basing his argument on the fact that in April 2010, approximately one year

2

after Sobin filed this petition, the Indiana Department of Correction ("DOC") final reviewing authority decided to dismiss the disciplinary conviction and rescind all sanctions. (DE 31 at 2.) The Respondent argues that because the disciplinary conviction has now been vacated, it could not possibly have lengthened Sobin's sentence. (DE 41-1 at 4-8.) Sobin responds that, regardless of whether the conviction has been vacated, it already had collateral consequences that lengthened his sentence. He submits documentation showing that if this disciplinary conviction had not been on his record, he would have received a credit class promotion in 2009, which by his calculation made his sentence 45 days longer than it otherwise would have been. (*See* DE 33 at 2-4; DE 40-1; DE 48 at 3-4, 6.)

The Respondent does not dispute Sobin's factual assertion, but instead argues that Sobin "has failed to show that he has a liberty interest in a *discretionary* act by prison officials of promoting him to a higher credit class." (DE 41-1 at 7) (emphasis added). The problem with the Respondent's argument is that Sobin has submitted evidence showing that credit class promotions are not discretionary. Specifically, he submits a copy of Executive Directive #09-07 adopted in February 2009, which provides that within 90 days of a disciplinary conviction, an offender must be reviewed for a credit class promotion. (DE 40-1 at 2.) The policy provides that if the offender has been clear of disciplinary convictions for Class A or Class B offenses during that 90-day period, "the offender *shall* be promoted to the next higher Credit Class." (*Id.*) (emphasis added). The Respondent does not contest the authenticity of this document, nor does he directly counter Sobin's argument about the automatic nature of credit class promotions under

the current policy.[2] Further, there is evidence before the court that Sobin remained free of other disciplinary convictions for more than 90 days after the guilty finding in this case, which means he otherwise would have received a credit class promotion under this policy. (*See* DE 48 at 6; *see also* DE 19 at 2.)

Based on the record, Sobin has demonstrated that the disciplinary conviction at issue had the effect of lengthening his sentence by depriving him of a credit class promotion he otherwise would have received.[3] Therefore, he was entitled to due process protections at the hearing. Because the Respondent concedes that due process errors occurred, Sobin is entitled to be restored to the position he would have been in had the guilty finding never been made. However, based on the documents presently before the court, it cannot be determined how many additional credits Sobin is due. Although Sobin claims it is 45 days, the court does not have before it an

---

[2] In a non-precedential order issued in 2008, the Seventh Circuit rejected the argument of an Indiana inmate that his inability to promote to a higher credit class created a due process liberty interest. *Smith v. Wilson*, 264 Fed. Appx. 503, 2008 WL 341438 (7th Cir. Feb. 6, 2008). However, this determination was based on Indiana law in effect at that time, which left credit class promotions to the "complete discretion of the prison." *Id.* at *2. As stated above, under the IDOC's current policy, credit class promotions are automatic if the inmate is free of disciplinary convictions for a 90-day period. Notably, the Seventh Circuit observed in *Smith* that if the inmate was correct that the disciplinary conviction at issue caused him to "languish" in a lower credit-earning class, that would "bring his claim within § 2254." *Id.* at *1.

[3] Sobin also claims that he was deprived of an opportunity to petition for the restoration of lost earned time credits as a result of this disciplinary conviction. (DE 48 at 4.) He has not provided documentation supporting his factual assertion that he would have been entitled to restoration of an additional 502 credits in the absence of this conviction. Further, he has not shown that the restoration of credits is automatic; instead it is dependent on his filing a timely petition. (DE 40-1 at 2.) Because it is not inevitable that Sobin would have had additional credits restored to him in the absence of this disciplinary conviction, he has not demonstrated a sufficiently tangible consequence to create a liberty interest on this ground. *See Higgason*, 83 F.3d at 809-10. Sobin's complaint about having to serve time in segregation as a result of the disciplinary conviction also does not trigger a due process liberty interest. *See Sandin*, 515 U.S. at 487.

itemized record of Sobin's credit time earned and lost to determine the earliest date he would have been entitled to a credit class promotion under Executive Directive #09-07 in the absence of this disciplinary conviction.

For the foregoing reasons, the petition (DE 1) is GRANTED. The respondent is ORDERED to submit on or before October 15, 2010, the official record of Sobin's credit time earned and lost during his incarceration. The respondent may also submit a supporting memorandum containing his view of how many additional credits Sobin would have received had this disciplinary conviction not been on his record and he had received a timely credit class promotion in accordance with Executive Directive #09-07. Sobin's response, if any, shall be due on or before October 29, 2010.

SO ORDERED.

ENTERED: September 15, 2010

                                                  s/William C. Lee  
                                                  William C. Lee, Judge  
                                                  United States District Court